UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANGEL GOMEZ-RAMIREZ,<br><br>                      Petitioner,<br><br>     v.<br><br>NATHALIE R. ASHER, et al.,<br><br>                      Respondents. | NO. C13-196-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Petitioner, an alien detained in connection with removal proceedings and currently confined at the Northwest Detention Center, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his pre-removal period mandatory detention pursuant to 8 U.S.C. § 1226(c). Dkt. No. 1. Respondents have moved to dismiss this case, arguing that petitioner is lawfully detained under 8 U.S.C. § 1226(c) based on his October 31, 2000, conviction for possession of a controlled substance, for which he was sentenced to 18 months probation. Dkt. No. 10.

For the reasons set forth below, the Court recommends that petitioner's petition for writ of habeas corpus be GRANTED, and respondents' motion to dismiss be DENIED.

REPORT AND RECOMMENDATION - 1

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States at an unknown place and time. Administrative Record ("AR") L285. On October 31, 2000, petitioner was convicted for the offense of Possession of a Controlled Substance, to wit: Cocaine, in Multnomah County, Oregon, and was sentenced to 18 months probation. AR L186-88.

On December 6, 2012, Immigration and Customs Enforcement ("ICE") arrested petitioner and detained him without bond. AR L282-83. ICE issued a Notice to Appear, charging petitioner as removable from the United States pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) for having been convicted of a law relating to a controlled substance, and under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. AR L285-87.

On December 21, 2012, petitioner appeared with counsel before an Immigration Judge and requested bond pursuant to 8 U.S.C. § 1226(a). The Immigration Judge determined that the court lacked jurisdiction over petitioner's request for bond redetermination because petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). AR L288-93, L314. Petitioner appealed the Immigration Judge's bond decision to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. AR L314. An individual merits hearing is currently set for August 29, 2013. Dkt. No. 10, Exh. A.

On February 1, 2013, petitioner filed the instant habeas petition, challenging the lawfulness of his mandatory detention. Dkt. No. 1. Respondents oppose his petition and move for dismissal, arguing that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his 2000 conviction for possession of a controlled substance. Dkt. No. 10.

REPORT AND RECOMMENDATION - 2

III.     DISCUSSION

A. <u>Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over the petition under § 2241 because petitioner was detained within its jurisdiction in the custody of the Department of Homeland Security ("DHS") at the time he filed his petition, and he asserts that his detention is unlawful.

In addition, review is not precluded by petitioner's failure to exhaust his administrative remedies. "On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) (citing *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003)). Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003). Prudential exhaustion may be waived, however, when irreparable injury may occur without immediate judicial relief, when an administrative appeal would be futile, or in certain instances where a plaintiff has raised a substantial constitutional question. *See Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004). Here, exhaustion would be futile because the BIA has interpreted the statutory

REPORT AND RECOMMENDATION - 3

provision in question to prohibit release on bond of illegal aliens with criminal convictions for certain criminal offenses. *See Matter of Rojas*, 23 I & N Dec. 117 (BIA 2001). Under these circumstances, the court has jurisdiction to consider this petition.

B. <u>Detention</u>

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens in removal proceedings. Section 1226(a) grants the Attorney General discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of aliens described in section 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226(a), (c). Pursuant to section 1226(c)(1),

> The Attorney General shall take into custody any alien who [has committed one of the specified criminal offenses] <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added). "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides . . . that release of the alien from custody is necessary" to protect a witness in a criminal matter. 8 U.S.C. § 1226(c)(2). Unlike aliens who are detained under § 1226(a), aliens detained under § 1226(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk. *See Casas-Castrillon v. DHS*, 535 F.3d 942, 946 (9th Cir. 2008).

At issue is the meaning of the phrase "when the alien is released." Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because immigration officials did not take him into custody when he was released from criminal incarceration, but arrested him on December 6, 2012, more than twelve years later. Dkt. No. 1 at 4-5. Therefore,

REPORT AND RECOMMENDATION - 4

petitioner asserts that he is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a). In support of this argument, petitioner cites decisions from this Court which found – under the plain meaning of the statute – § 1226(c) requires mandatory detention only "when the alien is released" from criminal incarceration for a removable offense specified in 8 U.S.C. § 1226(c)(1)(A)-(D). Dkt. No. 14 (citing *Castillo v. ICE Field Office Director*, __ F. Supp. 2d __, 2012 WL 5511716 (W.D. Wash. 2012); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221 (W.D. Wash. 2004) (holding that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody")).

     Respondents argue that petitioner is subject to mandatory detention under § 1226(c) and is not entitled to a bond hearing, despite not being taken into immigration custody immediately following his release from criminal incarceration relating to his 2000 controlled substance conviction. Dkt. No. 10. Respondents contend that the Court's decision in *Quezada-Bucio* was wrongly decided, and urge the Court to consider the Fourth Circuit's decision in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012), which found the "when the alien is released" language to be ambiguous and deferred to the BIA's interpretation of the statute in *Matter of Rojas*, 23 I & N Dec. at 125 (holding that mandatory detention applies no matter when the alien is taken into custody). *Accord Sylvain v. Attorney General of the United States*, __ F.3d __, 2013 WL 1715304 (3d Cir. 2013) (joining the Fourth Circuit in finding mandatory detention applies even if the alien is not taken into custody immediately upon release from criminal custody).

     In reviewing an agency's construction of a statute, courts apply the test set forth in *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984). A court must first examine the text of the statute to determine whether Congress has spoken

directly on the issue.  *See Contract Management, Inc. v. Rumsfeld*, 434 F.3d 1145, 1146-47 & n. 2 (9th Cir. 2006).  If the intent of Congress is clear from the text of the statute, a court need inquire no further and must follow the expressed intent of Congress.  *Id*. at 1146-47.  If, however, the statute is silent or ambiguous on the specific issue, a court must determine whether the agency's interpretation is based on a permissible construction of the statute.  *Id*. at 1147.  If so, the Court defers to the agency's determination.  *Id*.

Although the Ninth Circuit has yet to rule on this issue, the phrase "when the alien is released" has been the subject of statutory interpretation in several previous cases, including two published decisions by this Court.  *See Castillo*, __ F. Supp. 2d __, 2012 WL 5511716 *3; *Quezada-Bucio*, 317 F. Supp. 2d at 1221; *Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997); *see also Deluis-Morelos, v. ICE Field Office Director*, Case No. C12-CV-1905JLR (W.D. Wash. May 8, 2013); *Snegirev v. Asher*, Case No. C12-CV-1606MJP, 2013 WL 942607 (W.D. Wash. March 11, 2013).  In each case, the Court has reached the same conclusion.  "Interpreting this statutory language, this Court has repeatedly held that Congress intended mandatory detention to apply only to those aliens taken into immigration custody immediately after their release from state custody."  *Castillo*, __ F. Supp. 2d __, 2012 WL 5511716 at *3 (citing *Quezada-Bucio*, 317 F. Supp. 2d at 1228; *Pastor-Camarena*, 977 F. Supp. at 1417).  As the Court in *Quezada-Bucio* explained,

> 'the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory detention to apply to aliens at any time after they were released, it could easily have used the language 'after the alien is released," 'regardless of when the alien is released,' or other words to that effect.  Instead Congress chose to use the word 'when,' which connotes a much different meaning.

*Quezada-Bucio*, 317 F. Supp. 2d at 1230.  The Court further found that the legislative history demonstrates an intent for detention upon an alien's release.

REPORT AND RECOMMENDATION - 6

> In explaining the various passages of IIRIRA, the legislature stated that mandatory detention was meant to apply "whenever such an alien is released from imprisonment, regardless of the circumstances of the release." House Conf. Rpt. No. 104-828 at 210-11 (Sept. 24, 1996). Presumably, with that comment, the legislature was seeking to thwart arguments by aliens that because they were subject to parole or other community supervision they could not be taken into immediate immigration detention because that would result in a violation of their imposed conditions. The Court is not persuaded that the legislature was seeking to justify mandatory immigration custody many months or even years after an alien had been released from state custody.

*Id.*

The Court is not persuaded by the Fourth Circuit's decision in *Hosh* to defer to the BIA's interpretation of § 1226(c). The Supreme Court has held that the federal courts should defer to an agency decision only if the statute, "applying the normal 'tools of statutory construction,' is ambiguous." *INS v. St. Cyr*, 533 U.S. 289, 307 (2001) (citing *Chevron*, 467 U.S. at 843 n.9). As determined above, the Court need not defer to the BIA's interpretation of § 1226(c) because the plain language of the statute is not ambiguous and clearly applies only when the alien is released from criminal incarceration, the basis for which is one of the offenses listed in § 1226(c)(1)(A)-(D). While respondents submit that "when . . . released" is susceptible to another interpretation, this Court will continue to rely on its plain, unambiguous meaning. *See Castillo*, __ F. Supp. 2d __, 2012 WL 5511716 at *3; *Quezada-Bucio*, 317 F. Supp. 2d at 1228; *Pastor-Camarena*, 977 F. Supp. at 1417. Accordingly, the Court finds that this statutory language does not provide respondents license to hold petitioner in mandatory detention because he was not taken into immigration custody when he was released from criminal incarceration for an offense specified in § 1226(c)(1). Instead, petitioner's detention is governed by § 1226(a), which authorizes an Immigration Judge to release him on bond or conditional parole if he poses neither a flight risk nor a danger to the community. *Prieto-*

*Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008) (citing *In re Guerra*, 24 I&N Dec. 37 (BIA 2006)).

Respondents also argue that the "when the alien is released" language in 8 U.S.C. § 1226(c) is "an aspirational or 'hortatory' deadline only," and thus does not limit the government's ability to detain aliens in cases of noncompliance.  Citing various Supreme Court decisions involving government deadlines, respondents contend that an agency does not lose its power to act in cases of noncompliance unless the statute specifies a sanction for missing the deadline.  *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 158 (2003); *United States v. James Daniel Good Real Property*, 510 U.S. 43, 63 (1993); *Brock v. Pierce County*, 476 U.S. 253, 263 (1986); *French v. Edwards*, 80 U.S. 506, 511 (1872).  According to respondents, "[b]y ordering a bond hearing conducted pursuant to Section 1226(a), the Court would be improperly sanctioning the government for missing a hortatory deadline by replacing one statutory scheme with another."  (Dkt. No. 10 at 21.)

In *Hosh*, the Fourth Circuit agreed with this argument, finding that "§ 1226(c) does not specify any consequence for the Government's failure to detain a criminal alien immediately upon release, and therefore even if 'the duty is mandatory, the sanction for breach is not loss of all later powers to act.'"  *Hosh*, 680 F.3d at 382 (quoting *United States v. Montalvo-Murillo*, 495 U.S. 711, 718 (1990)).  This Court has examined each of the cited cases, but fails to be convinced that a plain reading of the "when . . . released" language would result in an improper sanction against the government for failing to meet a hortatory deadline.

In *Montalvo-Murillo*, the Supreme Court considered whether the government was required to release a criminal defendant after it failed to provide a detention hearing "immediately upon the [suspect's] first appearance before a judicial officer" pursuant to 18 U.S.C. § 3142(f).  *Montalvo-Murillo*, 495 U.S. at 713-714.  The Supreme Court held that the

"failure to comply with the first appearance requirement does not defeat the Government's authority to seek detention of the person charged." *Id*. at 717. *Montalvo-Murillo*, however, is completely inapposite to the case at bar. In that case, the defendant had argued that the failure to provide a timely bond hearing required his immediate release even though the district court had concluded "that no condition or combination of conditions reasonably would assure [his] appearance or the safety of the community." *Id*. at 716. By contrast here, petitioner does not demand his immediate release nor does he seek to foreclose the government's ability to detain him. Rather, petitioner simply seeks an individualized bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

As indicated above, § 1226(a) begins with the default premise that every alien detained by the Attorney General is entitled to an individualized bond hearing before an Immigration Judge unless the alien falls within the exception set forth in § 1226(c). For the exception to apply, two requirements must be met. First, the alien must have committed an offense specified in § 1226(c)(1)(A)-(D). Second, the alien must have been taken into immigration custody immediately upon the alien's release from criminal incarceration for that same offense, even if the alien is still serving part of his or her sentence out in the community under "parole, supervised release, or probation." 8 U.S.C. § 1226(c). Read together, these provisions unambiguously provide for the release of aliens arrested for immigration violations on bond or on their own recognizance, except for the limited class of aliens subject to mandatory detention. *See Quezada-Bucio*, 317 F. Supp 2d at 1230.

The failure to detain a criminal alien "when . . . released" does not mean the government has no power to act. Aliens who are not subject to § 1226(c) are by default subject to pre-removal period detention under § 1226(a), which prohibits the release of aliens who are a danger to the community or a flight risk. *See Prieto-Romero*, 534 F.3d at 1066.

Thus, if this Court holds that petitioner is not subject to mandatory detention under § 1226(c) because ICE did not take him into custody until twelve years after his 2000 criminal conviction, such a ruling means that the Immigration Judge will conduct a bond hearing pursuant to § 1226(a), and petitioner will be released only if he poses neither a flight risk nor a danger to the community. Because the government retains discretionary authority to detain criminal aliens under § 1226(a), a plain reading of § 1226(c) does not result in a improper sanction on the government.

## IV.     CONCLUSION

Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not take him into custody when he was released from criminal incarceration for a removable offense, but arrested him more than twelve years later. Petitioner's detention is governed by 8 U.S.C. § 1226(a) which authorizes an Immigration Judge to release him on bond or conditional parole if he poses neither a flight risk nor a danger to the community. Therefore, the Court recommends that petitioner's petition for writ of habeas corpus be GRANTED, respondents' motion to dismiss be DENIED, and petitioner be provided with an individualized bond hearing before an Immigration Judge pursuant to the general release terms of 8 U.S.C. § 1226(a).

A proposed Order accompanies this Report and Recommendation.

DATED this 16th day of May, 2013.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge